1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKY JAY MCCLOUD, JR.,

11           Plaintiff,              No. 2:08-cv-1195 JAM JFM (PC)

12       vs.

13
     SOLANO COUNTY SHERIFF'S
14   DEPARTMENT, et al.,

15           Defendants.             ORDER

16   _____/

17           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21           Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1 and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

2 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3 account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

4 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28

5 U.S.C. § 1915(b)(2).

6         The court is required to screen complaints brought by prisoners seeking relief

7 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

8 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief. 28

11 U.S.C. § 1915A(b)(1),(2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

16 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

22 Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

23 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain

24 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id.

26 However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

PDF created with pdfFactory trial version www.pdffactory.com

1   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'" <u>Erickson</u>

2   <u>v. Pardus</u>, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Bell</u>, slip op. at 7-8, in turn quoting

3   <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

4   court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id</u>., and construe

5   the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

6   (1974).

7         The Civil Rights Act under which this action was filed provides as follows:

8         Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

9         deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

10        law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

13  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

14  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16  omits to perform an act which he is legally required to do that causes the deprivation of which

17  complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

18        Moreover, supervisory personnel are generally not liable under § 1983 for the

19  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

20  defendant holds a supervisorial position, the causal link between him and the claimed

21  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

22  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert</u>. <u>denied</u>, 442 U.S.

23  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

24  in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

25  Cir. 1982).

26  /////

3

PDF created with pdfFactory trial version www.pdffactory.com

1       In his complaint, plaintiff contends that he "slipped and fell at the Claybank
2   facility." (Complaint at 5.)  Although plaintiff states correctional officers were told of the leak
3   and failed to have it fixed, plaintiff has failed to identify the specific correctional officers who
4   were allegedly informed or who were responsible for maintaining the sinks and/or the area in
5   which he fell.

6       Moreover, plaintiff has failed to identify how these conditions constituted a
7   deprivation of his constitutional rights.  Persons involuntarily confined by the state have a
8   constitutional right to safe conditions of confinement.  See Youngberg v. Romeo, 457 U.S. 307,
9   315-16, 102 S.Ct. 2452, 2458 (1982); Santana v. Collazo, 714 F.2d 1172, 1183 (1st Cir., 1983).
10  However, not every deviation from ideally safe conditions amounts to a constitutional violation,
11  see, e.g., Santana at 1183.  Plaintiff's factual allegations fail to show that, objectively, he suffered
12  a sufficiently serious deprivation or that, subjectively, each defendant had a culpable state of
13  mind in allowing or causing the deprivation to occur.  See Wilson v. Seiter, 501 U.S. 294,
14  298-99, 111 S.Ct. 2321 (1991).  Neither accident nor negligence constitutes cruel and unusual
15  punishment.  Id.

16      The Ninth Circuit has noted the following cases have found that minor safety
17  hazards do not violate the Eighth Amendment.  Osolinski v. Kane, 92 F.3d 934 (9th Cir. 1996):

18      See Tunstall, 478 F.Supp. at 89 (the existence of a greasy staircase
    which caused a prisoner to slip and fall did not violate the Eighth
19      Amendment); Snyder, 473 F.Supp. at 1212 (failure to repair
    leaking dishwasher which resulted in a pool of soapy water in
20      which prisoner slipped did not violate Eighth Amendment); see
    also Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D.Pa.1981) ("[a]
21      slippery kitchen floor does not inflict 'cruel and unusual
    punishments' "). [Footnote 3 omitted.]
22

23  Osolinski, 92 F.3d at 938-39.

24      The Ninth Circuit has also stated that slippery prison floors do not set forth a
25  constitutional violation.  Jackson v. State of Ariz., 885 F.2d 639, 641 (9th Cir.1989) (superseded
26  on another ground) (inmate's complaint about slippery prison floors does not state even an

4

1  arguable Eighth Amendment violation), citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349, 101 S.Ct.

2  2392, 2400 (1981) ("the Constitution does not mandate comfortable prisons. . . .").

3         However, the Ninth Circuit has also found that slippery floors without protective

4  measures could constitute a condition of deliberate indifference.  <u>Frost v. Agnos</u>, 152 F.3d 1124,

5  1129 (9th Cir.1998), citing <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457 (9th Cir.1993) (inmates

6  entitled to protection from unsafe prison conditions).  In <u>LeMaire</u>, while the Ninth Circuit found

7  that an injunction could be issued to protect inmates from unsafe conditions before a serious

8  injury had occurred, the court nevertheless stated that "shackling a dangerous inmate in a

9  shower" does not create a "sufficiently unsafe condition[,][e]ven if the floors to the shower are

10  slippery and LeMaire might fall while showering. . . ." quoting <u>Jackson</u>, 885 F.2d at 641 ("

11  'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'

12  ")

13         On the other hand, Frost was disabled and on crutches, had fallen and injured

14  himself several times on slippery shower floors; prison guards were aware of this and plaintiff

15  had submitted several grievances to jail officials, advising them of the risk he faced.  <u>Frost</u>, 152

16  F.3d at 1129.  Moreover, a prison doctor had stated that Frost should be placed in the

17  handicapped unit, but prison officials had failed to accommodate him.  <u>Id.</u>

18         The court finds the allegations in plaintiff's complaint so vague and conclusory

19  that it is unable to determine whether the current action is frivolous or fails to state a claim for

20  relief.  The court has determined that the complaint does not contain a short and plain statement

21  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

22  policy, a complaint must give fair notice and state the elements of the claim plainly and

23  succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24  must allege with at least some degree of particularity overt acts which defendants engaged in that

25  support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of

26  /////

5

1  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2  file an amended complaint.

3         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

6  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

7  there is some affirmative link or connection between a defendant's actions and the claimed

8  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

9  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

10 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

11 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14 amended complaint be complete in itself without reference to any prior pleading.  This is

15 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

16 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18 original complaint, each claim and the involvement of each defendant must be sufficiently

19 alleged.

20        In accordance with the above, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25 Solano County Jail filed concurrently herewith.

26

6

PDF created with pdfFactory trial version www.pdffactory.com

1               3. Plaintiff's complaint is dismissed.

2               4. Within thirty days from the date of this order, plaintiff shall complete the

3 attached Notice of Amendment and submit the following documents to the court:

4                  a. The completed Notice of Amendment; and

5                  b. An original and one copy of the Amended Complaint.

6 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

7 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

8 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

9 file an amended complaint in accordance with this order will result in a recommendation that this

10 action be dismissed.

11 DATED:  June 10, 2008.

12

13

14                                  UNITED STATES MAGISTRATE JUDGE

15 /001;mccl1195.14

16

17

18

19

20

21

22

23

24

25

26

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKY JAY MCCLOUD, JR.,

11            Plaintiff,              No. 2:08-cv-1195 JAM JFM (PC)

12        vs.

13
     SOLANO COUNTY SHERIFF'S
14   DEPARTMENT, et al.,

15            Defendants.            NOTICE OF AMENDMENT

16   _____/

17            Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19            _____       Amended Complaint

20   DATED:

21

22                                    _____

23                                    Plaintiff

24

25

26

                                8